GULOTTA, Judge
(dissenting).
I respectfully dissent from the majority opinion which results in decreeing Representative Boesch ineligible as a candidate in the Democratic Primary Election to the House of Representatives from the 103rd Representative District because of his failure to meet the two-year residency requirement by reason of the reapportionment decree of the U. S. District Court.
This court granted writs of certiorari and mandamus to review the failure by the trial judge[1] to grant a devolutive appeal while denying a suspensive appeal from the decision enjoining the Secretary of State from printing a ballot without placing the name of Edward Boesch on said ballot. The granting of the writs by this court and the hearing by the entire court placed this matter before us in the posture of a hearing on a timely devolutive appeal in an election suit. Applicable to this situation before us is R.S. 18:364(E), which requires that such an appeal be filed in the Court of Appeal within five days from the date of rendition of the judgment. The trial court decree was rendered on Sep *631 tember 29, 1971,[2] and the application for writs was dated September 30, 1971.
The question before us is whether the trial judge committed manifest error. I am of the opinion that he did not.
Relators suggest that because Boesch failed to take a timely appeal to a court of proper jurisdiction from the adverse decision of the District Committee that he is therefore precluded from obtaining judicial relief at this time. It is their contention that upon the expiration of the two-day period for filing appeals to the District Court,[3] the decision of the committee becomes final and binding. Relators suggest that upon Boesch’s failure to perfect a timely appeal to the District Court his rights prescribed. Other issues raised by relators are without merit and the only serious issue is the possible waiver of Boesch’s right of appeal to the District Court from the decision of the committee.
In any ordinary situation relators’ contention might bear merit; however, though no written reasons were assigned, the decision of the trial court dated September 29,[4] must have been predicated on the validity of the judgment of the trial judge in the 19th Judicial - District Court,[5] the effect of which is to allow the name of Boesch to be placed on the ballot, or upon the validity of the order signed by Judge Garvey of the Civil District Court dated September 17,[6] directing the committee to certify Boesch as a candidate and to so notify the Secretary of State.
I fail to understand how the majority concludes that Boesch relinquishes his right to judicial review of the decision of the District Committee by not filing a timely appeal and yet fails to recognize that a timely appeal (i. e., within five days from rendition of judgment for a devolutive appeal in an election contest) was not taken from the decree of the 19th Judicial District Court in Baton Rouge.
The matter before us is purely and simply an election contest. The court in Baton Rouge[7] rendered a judgment on September 13 and assigned written reasons. The judgment was signed on September 17. No appeal was taken from that judgment until September 27, although R.S. 18:364 requires that an appeal in such a contest be filed in the Court of Appeal within five days of rendition. That judgment is now final irrespective of the fact that erroneously a suspensive appeal was granted ten days after judgment by order of the court on the 27th of September.-
In view of the finality of the judgment in Baton Rouge involving a class action affecting all persons in similar situations as the plaintiff Boesch in this suit, the decision of the trial court in the Civil District Court is proper and should not be reversed. Boesch should be certified as a candidate in District 103.
The majority erroneously concludes that the action in Baton Rouge is something other than an election suit and concludes that the order of suspensive appeal was timely filed. I feel that it is inconsistent and manifestly erroneous to conclude that the contest in Baton Rouge is not an election suit while treating the matter before us as an election suit. Our court clearly recognized this proceeding was an election suit when it granted the writs converting *632 this hearing before us to a devolutive appeal as set out in the election law. Accordingly, I respectfully dissent from the decree and opinion of the majority.

. Edward L. Boesch v. Democratic State Central Committee Case No. 529-814.

. Edward L. Boesch v. Democratic State Central Committee et al. Case No. 529-814.

. R.S. 18:364(H) reads: “No contest shall be entertained unless brought within two days after the official promulgation of the result of the election, made by the secretary of state, or by respective committees as provided in this Part.” See also: Janssen v. Second Congressional Dist. Dem. Ex. Com., 235 La. 353, 103 So.2d 472 (Orl.App.1958).

. Case No. 529-814.

. Loyd J. Rockhold et al. v. John J. McKeithen et al., Case No. 151-397.

. Case No. 529-814.

. Rockhold et al. v. John J. McKeithen et al., Case No. 151-397.